IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO - DENVER DIVISION

| | |
|---|---|
| Jesus N. Salazar,<br>　　　　　　　　　　Plaintiff,<br>　v.<br>Breakfast King, Inc. and Terry Moore,<br>　　　　　　　　　　Defendants. | 1:22-cv-210 |

**Complaint at Law**

**Now Comes** Plaintiff Jesus N. Salazar ("Plaintiff"), by attorneys, Justicia Laboral LLC, and in complaining against Defendants Breakfast King, Inc. ("Breakfast King") and Terry Moore (cumulatively "Defendants"), states:

**Introduction and Parties**

1.　This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), for Defendants' failure to pay overtime wages and/or minimum wages owed.

2.　Plaintiff is a resident of Denver, Colorado; he was formerly employed by Defendants.

3.　Defendant Breakfast King is a restaurant and a Colorado corporation that conducts business in Denver, Colorado; during relevant periods, it employed four or more employees.

4.　Defendants Terry Moore is an officer(s), manager(s), and/or owner(s) of Breakfast King. On information and belief, s/he resides in this federal district.

**Jurisdiction And Venue**

5.　The Court possesses subject matter jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and possesses subject matter jurisdiction over any state law claims pursuant to 28 U.S.C. §1367.

1

6.Venue is proper in the District of Colorado because all underlying facts and transactions occurred in Colorado; and on information and belief, all parties to this lawsuit are residents of this federal district.

### Facts Common To All Claims

7.  At all relevant times, Plaintiff was Defendants' "employee" as that term is defined in the FLSA; Plaintiff does not fall into any of the exceptions or exemptions for workers under the FLSA.

8. Defendant Breakfast King  is an "employer" as that term is defined in Section 203 of the FLSA, as it is a privately-owned for-profit entity.

9.  Defendants Terry Moore  is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) s/he was Plaintiffs' boss; (2) s/he had the power to hire and fire the employees, including Plaintiffs; (3) s/he supervised and controlled Plaintiffs' work schedules and conditions of employment; (4) s/he determined the rate and method of payment for employees; and (5) s/he maintained employment records.

### Count 1 – Violation(s) of FLSA

10.Plaintiff reincorporates ¶¶ 1-9, as if set forth in full herein for Paragraph 10.

11.Plaintiff alleges the following related to his employment with Defendants:

a) s/he worked for Defendants in from 1984 to December 2021;

b) he worked in dishwashing and as a busboy;

c) any tips were *de minimis;*

d) throughout his employment,  he worked 88 hours every two weeks for Defendants;

e) from 2019 through June 2021, Plaintiff was paid $15.00 per hour;  from July 2021 through December 2021, Plaintiff was paid $17.50 per hour; and

f) he did not receive time and a half for hours he worked in excess of 40 in any work week;

12. Throughout the course of his/her employment and in the three (3) years prior to the filing this Complaint, Defendants scheduled and directed Plaintiff to work for them. .

13. On information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked; and Defendants' failure and refusal to pay Plaintiff proper minimum wages and/or overtime wages for hours worked was a willful violation of the FLSA.

14. Plaintiff is entitled to recover unpaid overtime wages/minimum wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit.  On information and belief, this amount includes: (i) $4,810.00 in unpaid overtime and/or minimum wages; (ii) and liquidated damages of $4,810.00 and (iii) Plaintiff's attorney's fees and costs, to be determined; and (iv) for all other just relief.  See attached Exhibit A.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in his favor and against Defendants Breakfast King Inc. and Terry Moore , jointly and severally, for:

A. The amount of unpaid minimum wages and unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $4,810.00;

B. An award liquidated damages in an amount equal to at least $4,810.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs, and interest; and

E. Any such additional or alternative relief as this Court deems just and proper.

s/   James M. Dore

**Justicia Laboral LLC**
**James M. Dore (IL Bar # 6296265)**
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL 60646
P: 773-415-4898
E: jdore@justicialaboral.com

**Plaintiffs request trial by jury for all counts where allowed**

3

**Ex A - CO22F004268 Salazar v. Breakfast King - Wages Calculations**

**OT**

| Dates | OT Hrs/ Week | Total Wks | Total OT Hours | OT Min Wage Rate | Actual Paid Wage | Unpaid OT Wages Owed |
|---|---|---|---|---|---|---|
| 2019 to 6/2021 | 4 | 130 | 520 | $22.50 | $15.00 | $3,900.00 |
| 7/2021 - 12/2021 | 4 | 26 | 104 | $26.25 | $17.50 | $910.00 |
| | | | | | **OT Wages Owed** | $4,810.00 |